E. LEIF REID, Bar No. 5750
LEWIS ROCA ROTHGERBER CHRISTIE LLP
One East Liberty Street, Suite 300
Reno, Nevada 89501-2128
Tel:  775.823.2900
Fax:  775.823.2929
lreid@lrrc.com

*Attorney for Defendant*
Skillz Inc.

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| ALYSSA BALL<br><br>and<br><br>JOHN PRIGNANO,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>SKILLZ INC.,<br><br>　　　　Defendant. | CASE No. 2:20-CV-00888-JAD-BNW<br><br>**DEFENDANT'S MOTION FOR LEAVE TO FILE DOCUMENTS UNDER SEAL [NON-REDACTED DECLARATION OF ELLIOTT KAPLAN AND EXHIBITS 1, 2 AND 5 THERETO]** |

Pursuant to LR IA 10-5 of the Local Rules of Practice for the United States District Court of Nevada, Defendant Skillz Inc. ("Skillz"), by and through its counsel of record, the law firm of Lewis Roca Rothgerber Christie LLP, hereby requests leave to file under seal a non-redacted July 10, 2020 Declaration of Elliott Kaplan in support of the contemporaneously filed Motion to Compel Arbitration and Motion to Dismiss (the "Declaration"), and Exhibits 1, 2, and 5 thereto (the "Exhibits"). This Motion is based upon the following Memorandum of Points and Authorities, the Declaration and Exhibits, the pleadings and papers filed in this action, and all other matters of which the Court may take judicial notice.

DATED this 10th day of July, 2020.

LEWIS ROCA ROTHGERBER CHRISTIE LLP

By: /s/ E. Leif Reid
E. Leif Reid, SBN 5750
One East Liberty Street, Suite 300
Reno, Nevada 89501

*Attorney for Defendant*

## MEMORANDUM OF POINTS AND AUTHORITIES

With this Motion for Leave to File Documents Under Seal (the "Motion"), Skillz Inc. ("Skillz") contemporaneously filed Defendant Skillz Inc.'s Motion to Compel Arbitration and Motion to Dismiss (the "Motion to Compel Arbitration"), a redacted copy of the July 10, 2020 Declaration of Elliott Kaplan (the "Declaration"), and Exhibits 3 and 4 thereto. Defendant Skillz respectfully asks this Court to allow the non-redacted Declaration and Exhibits 1, 2 and 5 thereto to be filed under seal. The non-redacted Declaration and Exhibits 1, 2 and 5 display **Plaintiffs'** personal email addresses.

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978) (footnote omitted). There is a strong presumption in favor of public access to filed documents. *See Kamakana v. City & Cnty. Of Honolulu*, 447 F.3d 1172, 1178 (9th

1    Cir. 2006).  The right of access, however, "is not absolute and can be overridden given
2    sufficiently compelling reasons for doing so." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d
3    1122, 1135 (9th Cir. 2003).  The Court has "broad latitude" under Rule 26(c) "to prevent
4    disclosure of materials for many types of information, including, *but not limited to*, trade secrets
5    or other confidential research, development, or commercial information." *Phillips v. Gen. Motors
6    Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002) (citations omitted).  In making the determination,
7    courts should consider relevant factors, including "the public interest in understanding the judicial
8    process and whether disclosure of the material could result in improper use of the material for
9    scandalous or libelous purposes or infringement upon trade secrets . . . ." *Foltz*, 331 F.3d at 1135.
10          The District of Nevada has permitted personal identifying information to be filed under
11   seal.  *See, e.g.*, *Edwards v. Nevada*, No. 218CV00346JADBNW, 2020 WL 957411, at *3 (D.
12   Nev. Feb. 26, 2020) ("The need to protect the personal and sensitive . . . information . . .
13   outweighs the traditional right of public access to this record."); *Florence v. Cenlar Fed. Sav. &
14   Loan*, No. 216CV00587GMNNJK, 2017 WL 1078637, at *3 (D. Nev. Mar. 20, 2017) (granting
15   the portion of defendant's motion to seal that relates to the plaintiffs' personal identifying
16   information).  Email addresses are considered personal identifying information that is properly
17   filed under seal.  *See, e.g.*, *In re Zappos.com, Inc.*, 888 F.3d 1020, 1023 (9th Cir. 2018)
18   ("[C]ustomers provided personal identifying information ("PII"), including their . . . email
19   addresses . . . ." ); *Maglula, Ltd. v. Hangzhou Goodtools Co.*, No. 218CV00842GMNVCF, 2019
20   WL 2112983, at *1 (D. Nev. Feb. 4, 2019), report and recommendation adopted *sub nom*.
21   *Maglula, Ltd. v. Lee*, No. 218CV00842GMNVCF, 2019 WL 2110507 (D. Nev. May 13, 2019)
22   (protecting private information such as email addresses is a compelling reason to seal portions of
23   the declaration and exhibits).
24          In the present case, the information sought to be protected is Plaintiffs' personal email
25   addresses.  Defendant Skillz seeks to seal only the two limited portions of the Declaration that
26   reveal Plaintiffs' personal email addresses, and Exhibits 1, 2, and 5 to the Declaration, which also
27   display Plaintiffs' personal email addresses.  Plaintiffs' email addresses are personal identifying
28

information, and thus a compelling reason exists to seal these documents. *See, e.g.*, *Foltz*, 331 F.3d at 1135; *Maglula, Ltd*, 2019 WL 2112983, at *1; *Florence*, 2017 WL 1078637, at *3. In addition, sealing Plaintiffs' email addresses will not frustrate public interest, as the information Skillz' seeks to file under seal is narrowly tailored. Even without Plaintiffs' personal information sought to be filed under seal, Defendant Skillz' Motion to Compel Arbitration in its entirety and the vast majority of the Declaration remain accessible to members of the public. Compared to the de minimis hindrance on public access to the judicial record, the reasons for the nondisclosure of such limited information are compelling and "outweigh[] the traditional right of public access to this record." *Edwards*, 2020 WL 957411, at *3.

These documents, therefore, are entitled to confidentiality protection and Skillz requests that the Court seal the following:

1. Non-redacted July 10, 2020 Declaration of Elliott Kaplan;
2. <u>Exhibit 1</u>:  Email exchange between Skillz Inc. and Plaintiff John Prignano on March 13, 2020;
3. <u>Exhibit 2</u>:  Email exchange between Skillz Inc. and Plaintiff Alyssa Ball on April 28, 2020; and
4. <u>Exhibit 5</u>:  Email exchange between Skillz Inc. and Plaintiff John Prignano on January 14, 2020.

As these documents contain personal identifying information, Skillz has filed these documents under seal.

DATED this 10th day of July, 2020.

LEWIS ROCA ROTHGERBER CHRISTIE LLP

By: */s/ E. Leif Reid*
E. Leif Reid, SBN 5750
One East Liberty Street, Suite 300
Reno, Nevada 89501

*Attorney for Defendant*

- 4 -

# CERTIFICATE OF SERVICE

Pursuant to Federal Rule of Civil Procedure 5(b), I certify that I am an employee of Lewis Roca Rothgerber Christie LLP, and that on this date, I caused the foregoing **DEFENDANT'S MOTION FOR LEAVE TO FILE DOCUMENTS UNDER SEAL [NON-REDACTED DECLARATION OF ELLIOTT KAPLAN AND EXHIBITS 1, 2, AND 5 THERETO]** to be served by electronically filing the foregoing with the CM/ECF electronic filing system, which will send notice of electronic filing to the following:

Maurice VerStandig
The VerStandig Law Firm, LLC
1452 W. Horizon Ridge Pkwy, #665
Henderson, Nevada 89012
mac@mbvesq.com

       /s/ Autumn D. McDannald
An Employee of Lewis Roca Rothgerber Christie LLP

1  E. LEIF REID, Bar No. 5750
   LEWIS ROCA ROTHGERBER CHRISTIE LLP
2  One East Liberty Street, Suite 300
   Reno, Nevada  89501-2128
3  Tel:     775.823.2900
   Fax:    775.823.2929
4  lreid@lrrc.com

5  *Attorney for Defendant*
   Skillz Inc.
6

7                          **UNITED STATES DISTRICT COURT**
8                                **DISTRICT OF NEVADA**
9

10  ALYSSA BALL                                    CASE No. 2:20-CV-00888-JAD-BNW

11  and

12  JOHN PRIGNANO,                                 **[PROPOSED] ORDER GRANTING
                                                   DEFENDANT'S MOTION FOR LEAVE**
13              Plaintiffs,                        **TO FILE DOCUMENTS UNDER SEAL
                                                   [NON-REDACTED DECLARATION OF**
14  v.                                             **ELLIOTT KAPLAN AND EXHIBITS 1, 2
                                                   AND 5 THERETO]**
15  SKILLZ INC.,

16              Defendant.

17

18

19       Pending before this Court is Defendant's Motion for Leave to File Documents Under Seal.

20  The motion seeks leave to file under seal a non-redacted July 10, 2020 Declaration of Elliott

21  Kaplan in support of the contemporaneously filed Motion to Compel Arbitration and Motion to

22  Dismiss (the "Declaration"), and Exhibits 1, 2, and 5 thereto.  Federal Rule of Civil Procedure

23  26(c) provides discretion for a trial court to permit sealing of court documents.  Fed. R. Civ. P.

24  26(c).  The Court has "broad latitude" under Rule 26(c) "to prevent disclosure of materials for

25  many types of information, including, *but not limited to*, trade secrets, or other confidential

26  research, development, or commercial information." *Phillips v. Gen. Motors Corp.*, 307 F.3d

27  1206, 1212 (9th Cir. 2002) (citations omitted).  Here, the Exhibits contain sensitive personal

28

identifying information that "outweighs the traditional right of public access to this record." *Edwards v. Nevada*, No. 218CV00346JADBNW, 2020 WL 957411, at *3 (D. Nev. Feb. 26, 2020). Defendant has articulated sufficiently compelling reasons for the nondisclosure of such information.

Thus, having considered Defendant's Motion for Leave to File Under Seal the non-redacted July 10, 2020 Declaration of Elliott Kaplan and Exhibits 1, 2, and 5 thereto, the motion is GRANTED. The Clerk of the Court shall file under seal the non-redacted July 10, 2020 Declaration of Elliott Kaplan and Exhibits 1, 2, and 5 thereto.

IT IS SO ORDERED:

_____
UNITED STATES DISTRICT JUDGE
DATED: _____