Maurice VerStandig, Esq.
Nevada Bar No.: 15346
THE VERSTANDIG LAW FIRM, LLC
1452 W. Horizon Ridge Pkwy, #665
Henderson, Nevada 89012
Telephone: (301)444-4600
Facsimile: (301)444-4600
Email:  mac@mbvesq.com
*Counsel for Ms. Ball, Mr. Prignano and Jane Roe*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| ALYSSA BALL, | * |
| | * |
| JOHN PRIGNANO, | * |
| | * |
| and | * |
| | *   Case No. 2:20-cv-888 -JAD-BNW |
| JANE ROE, | * |
| | * |
| Plaintiffs, | * |
| | * |
| v. | * |
| | * |
| SKILLZ INC., | * |
| | * |
| Defendant. | * |

**MOTION FOR LEAVE TO PROCEED UNDER FICTITIOUS NAME**

Comes now Jane Roe, by and through undersigned counsel, and moves this Honorable Court to permit her to proceed in this matter using a fictitious name subject to the conditions set forth herein, and in support thereof states as follows:

**I.      Introduction**

Jane Roe is a compulsive gambler who lost her life's savings playing on one of Skillz, Inc.'s (the "Defendant") apps. This led her to borrow money from family, to take on immense personal debt, to become despondent, to become suicidal to the point of engaging in active

MOTION FOR LEAVE TO PROCEED UNDER FICTITIOUS NAME - 1



planning, to (thankfully) seek mental health treatment, to solicit help from Gamblers Anonymous, and, ultimately, to separate herself from gaming activities. She learned of this lawsuit after reading about it in the press and contacted undersigned counsel to join as a plaintiff; she is, however, appreciably different than her two co-plaintiffs (who are using their real names in this litigation) in that her mental health and, more specifically, gambling addiction, form an integral part of her case's narrative.

Jane Roe is also a public employee, engaged in the healthcare space, whose employer does not know of the struggle she has encountered with problem gambling. Her work frequently forces her to interact with members of the public, often in an adversarial fashion; she worries that her experiences with the Defendant may be weaponized against her in future encounters if her name is made public.

As such, for those reasons set forth *infra*, Jane Roe petitions to pursue this matter under a fictitious name subject to (i) her name being revealed to the Defendant, through its counsel (which is occurring of even date herewith); (ii) her name being revealed to such court personnel as may be necessary in the course of these proceedings; (iii) her name being revealed – subject to a protective order – to expert witnesses (for all parties) in this case; and (iv) her name otherwise being revealed by consent of counsel where contextually necessary to ensure the efficient litigation of this matter.

II.     **Background Facts**

As noted in a First Amended Complaint (the "Complaint") being filed concurrently with this motion, this case concerns the Defendant's operation of various smartphone apps on which consumers may wager money against one another. *See* Complaint, *passim*. The Plaintiffs



maintain these are casino games and the apps are thus mobile gambling platforms operating illegally. *Id.*

The Defendant collects money by charging a so-called "rake" on every game played between consumers on its apps, with the rake being typically equal to Sixteen and Two Thirds Percent (16.67%). Complaint at ¶ 16. The game of 21 Blitz – which is the game primarily at issue herein – closely resembles a game of blackjack in terms of structure, composition, and rules. Complaint at ¶¶ 15-26.

Jane Roe first encountered the Defendant through its advertisements on The Penny Hoarder, with such advertisements promoting the Defendant's products as an opportunity to make additional income through the use of smart phone apps. Complaint at ¶ 91. The Defendant's advertisement pitched its products as helping housewives pay for carpeting and allowing other women to make additional money. Complaint at ¶¶ 91-95. One of the Defendant's advertisements shows a woman playing on her smartphone in bed, with textual overlaps reading, *inter alia*, "Now say you make $10 a day," followed by "That's… wait for it… $300 extra a month," as the images cut away to another woman using her smartphone in what appears to be her home. Complaint at ¶ 94. The same ad includes overlaid text promoting, "Now that's time well spent," as well as "And that extra money?" followed by "We're sure that will be well spent, too," before imploring the viewer to download one of the Defendant's apps. Complaint at ¶ 95.

These advertisements did not label the Defendant's product as a gambling platform, did not contain any problem gaming warnings, and were targeted at a frugal demographic otherwise unlikely to participate in online gaming. Complaint at ¶¶ 96-98.



MOTION FOR LEAVE TO PROCEED UNDER FICTITIOUS NAME - 3

Jane Roe lost more than $60,000 playing on the Defendant's apps over a series of months. Complaint at ¶ 103. Believing she just needed to try harder – and at first not realizing she was gambling – Jane Roe kept giving the Defendant her money and then, when her funds ran out, borrowed money from others, including her mother and stepfather. Complaint at ¶¶ 104-106.

Jane Roe became despondent as her losses piled up, becoming socially withdrawn, experiencing extreme depression, and fighting off suicidal inclinations. Complaint at ¶¶ 107-111. She sought out professional help, engaged with Gamblers Anonymous, commenced taking medication, and began the process of trying to rebuild her life. Complaint at ¶¶ 112-114.

Jane Roe's claims in this case concern alleged violations of consumer protection laws, as well as an effort to enjoin the Defendant from continuing to bombard her with its advertisements, which serve to re-trigger her every time they are viewed. Complaint, *passim*. Her claims, in this regard, are dissimilar to those of her co-plaintiffs, who claim to have been cheated on the Defendant's apps and who claim the Defendant has unlawfully impounded their account balances. Complaint, *passim*.

As a governmental employee, Jane Roe is extremely sensitive to the publicity this case has attracted and may attract in the future; she is also fearful of being confronted at work and by those around her, if she is publicly known to have suffered the foregoing traumas. Complaint at ¶ 11.

Jane Roe's real name is an extremely unique name and Jane Roe does not have an extensive online presence. As such, if Jane Roe's real name is utilized herein, it is likely this case will become immediately discoverable by anyone who may Google her name in the future.[1]

### III.    Argument: Use of a Fictitious Name is Warranted

Jane Roe does not seek to protect her real name from revelation to the Defendant, her co-plaintiffs, expert witnesses, courthouse personnel, or anyone else whose active participation in this case reasonably requires such revelation; she merely seeks to shield her name from the public out of concerns for her privacy. In the prism of governing case law, such relief is appropriate.

As the United States Court of Appeals for the Ninth Circuit has observed, "In this circuit, we allow parties to use pseudonyms in the 'unusual case' when nondisclosure of the party's identity 'is necessary ... to protect a person from harassment, injury, ridicule or personal embarrassment.'" *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067–68 (9th Cir. 2000) (quoting *United States v. Doe*, 655 F.2d 920, 922 n. 1 (9th Cir.1981); citing *Doe v. Madison School Dist. No. 321*, 147 F.3d 832, 834 n. 1 (9th Cir.1998)). Specifically, courts recognize "a party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity…" *Does I thru XXIII*, 214 F.3d at 1068.

---

[1] There is no record citation for this assertion. The Defendant is being made aware of Jane Roe's real name and it is being divulged in a Supplemental Certificate of Interested Parties filed under seal. If the Defendant believes this assertion is inaccurate, Jane Roe is prepared to furnish a supplemental declaration for which she would seek leave of court to file under seal. However, it is believed this assertion is likely to be uncontroversial in nature; Jane Roe's last name, in particular, is extremely unusual.

One of the considerations factored by courts in allowing use of a fictitious name is "when anonymity is necessary 'to preserve privacy in a matter of sensitive and highly personal nature…'" *Id.* (quoting *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993); citing *Doe v. United Services Life Ins. Co.*, 123 F.R.D. 437 (S.D. N.Y.1988); *Doe v. Deschamps*, 64 F.R.D. 652, 653 (D. Mont. 1974)).

Here, this suit concerns Jane Roe's formation of a gambling addiction and the impact that addiction had on her mental health. Such is very much the sort of "sensitive and highly personal" matter contemplated by the Ninth Circuit. It is agonizing enough for Jane Roe to come forward and bring her claims herein; for her to have to do so and know this case will forever follow her online would be crushing. That doing so makes her worry about her professional standing only intensifies the concern.

Jane Roe does not mean to discount the very real public interest in federal litigation being open and transparent. She also fully understands her identity is being shared with the Defendant to ensure it is not, in any way, prejudiced in its defense of this suit. But given the extremely sensitive mental health issues underlying Jane Roe's claims, it is respectfully suggested this is the relatively rare case where use of a fictitious name ought to be permitted.

**IV.   Conclusion**

WHEREFORE, Jane Roe respectfully prays this Honorable Court (i) permit her to proceed herein using the fictitious name "Jane Roe;" (ii) direct all parties to refer to her by this fictitious name in all court filings; (iii) direct all parties to redact her real name from any exhibits to court filings; and (iv) afford such other and further relief as may be just and proper.

**[SIGNATURE ON FOLLOWING PAGE]**

MOTION FOR LEAVE TO PROCEED UNDER FICTITIOUS NAME - 6



Respectfully submitted,

/s/ Maurice B. VerStandig
Maurice B. VerStandig, Esq.
Bar No. 15346
The VerStandig Law Firm, LLC
1452 W. Horizon Ridge Pkwy, #665
Henderson, Nevada 89012
Telephone: 301-444-4600
Facsimile: 301-444-4600
Electronic Mail: mac@mbvesq.com
*Counsel for the Plaintiffs*

**CERTIFICATE OF SERVICE**

I certify that on this 20th day of July, 2020, I have caused a true and accurate copy of the foregoing to be served on the following person via this Honorable Court's CM/ECF system:

E. Leif Reid, Esq.
Lewis Roca Rothgerber Christie LLP
One East Liberty Street, Suite 300
Reno, Nevada 89501-2128
lreid@lrrc.com
*Counsel for the Defendant*

/s/ Maurice B. VerStandig
Maurice B. VerStandig



MOTION FOR LEAVE TO PROCEED UNDER FICTITIOUS NAME - 7