Maurice VerStandig, Esq.
Nevada Bar No.: 15346
THE VERSTANDIG LAW FIRM, LLC
1452 W. Horizon Ridge Pkwy, #665
Henderson, Nevada 89012
Telephone: (301)444-4600
Facsimile: (301)444-4600
Email:  mac@mbvesq.com
*Counsel for Ms. Ball, Mr. Prignano and Jane Roe*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| ALYSSA BALL, | * |
| | * |
| JOHN PRIGNANO, | * |
| | * |
| and | * |
| | *   Case No. 2:20-cv-888 -JAD-BNW |
| JANE ROE, | * |
| | * |
| Plaintiffs, | * |
| | * |
| v. | * |
| | * |
| SKILLZ INC., | * |
| | * |
| Defendant. | * |

**MOTION FOR LEAVE TO FILE SUPPLEMENTAL**
<u>**CERTIFICATE OF INTERESTED PARTIES UNDER SEAL**</u>

Come now Alyssa Ball ("Ms. Ball"), John Prignano ("Mr. Prignano"), and Jane Roe (collectively, the "Plaintiffs"), by and through undersigned counsel, pursuant to Local Rule IA 10-5(a), and move this Honorable Court to permit them leave to file a supplemental certificate of interested parties (the "Supplemental Certificate") under seal, and in support thereof state as follows:



**I.    Introduction**

As noted more expansively in a motion for leave to proceed under fictitious name being filed herewith (the "Fictitious Name Motion"), Jane Roe is joining the above-captioned litigation as a co-plaintiff. In the amended pleading in which she enters this case (also being filed herewith), Jane Roe makes allegations related to her own compulsive gambling, the impact of that gambling on her mental health, suicidal inclinations she experienced, and related harms she has suffered of a deeply personal nature.  These allegations stand in marked contrast to those of Ms. Ball and Mr. Prignano, whose names were openly disclosed at the time of this case's commencement and whose claims herein largely concern being allegedly cheated by Skillz, Inc. (the "Defendant") and having their monies seized by the Defendant.

The Plaintiffs are required to file a supplemental certificate of interested parties indicating Jane Roe's interest in these proceedings. *See* Local Rule 7.1-1(c). Doing so will require revelation of her true name which, if made public, will serve to obviate her efforts to proceed herein under a fictitious name. As such, and as extrapolated upon below, the Plaintiffs seek leave to make this filing under seal.

**II.    Argument: Filing Under Seal is Warranted**

Allowing Jane Roe to file the Supplemental Certificate under seal will permit the subject filing to serve its express purpose while also ensuring Jane Roe's identity remain private pending adjudication of the Fictitious Name Motion. The Amended Certificate is not an adversarial filing, does not speak to any matter of public interest, and serves only as a mechanism to allow the judges of this Honorable Court to assess this matter for potential recusal. This mechanism will remain fully intact even if the filing is made under seal.



The Local Rules of this Honorable Court are express that certificates of interested parties "are made to enable judges of the court to evaluate possible disqualifications or recusal." Local Rule 7.1-1(a).

Jane Doe does not seek to mask her name from this Honorable Court. To the contrary, she is filing alongside this motion the Supplemental Certificate which states her real name so as to ensure the "judges of the court" are able "to evaluate possible disqualification or recusal." Her identity is also being disclosed to the Defendant, through its counsel of record.

Rather, Jane Roe seeks to shield her name from the public in light of the immensely personal, perceptively embarrassing narrative that underlies her case. Her recitation of damages in the amended complaint includes references to personal addiction, the incursion of debt to feed that addiction, combatting suicidal inclinations, seeking help from a support group, receiving professional mental health assistance, being prescribed medications as part of that professional course of treatment, and related deeply sensitive matters.

As noted in the Fictitious Name Motion, the use of pseudonyms is permitted "to protect a person from… personal embarrassment" and "to preserve privacy in a matter of sensitive and highly personal nature…" *Does I thru XXIII v. Advanced Textile Corp*., 214 F.3d 1058, 1067–68 (9th Cir. 2000) (quoting *United States v. Doe*, 655 F.2d 920, 922 n. 1 (9th Cir. 1981); citing *Doe v. Madison School Dist. No. 321*, 147 F.3d 832, 834 n. 1 (9th Cir. 1998)).

If Jane Roe is going to proceed under a pseudonym herein, as urged in the Fictitious Name Motion, it is necessary for her Supplemental Certificate to be filed under seal or the whole purpose of a fictitious name will be defeated. Accordingly, in light of the purposes underlying the filing of certificates of interested parties, and the law governing the use of fictitious names, she respectfully asks that the Supplemental Certificate be sealed.



### III. Conclusion

WHEREFORE, Alyssa Ball, John Prignano, and Jane Roe respectfully pray this Honorable Court (i) permit them to file the Supplemental Certificate under seal, and (ii) afford such other and further relief as may be just and proper.

Respectfully submitted,

/s/ Maurice B. VerStandig
Maurice B. VerStandig, Esq.
Bar No. 15346
The VerStandig Law Firm, LLC
1452 W. Horizon Ridge Pkwy, #665
Henderson, Nevada 89012
Telephone: 301-444-4600
Facsimile: 301-444-4600
Electronic Mail: mac@mbvesq.com
*Counsel for the Plaintiffs*

### CERTIFICATE OF SERVICE

I certify that on this 20th day of July, 2020, I have caused a true and accurate copy of the foregoing to be served on the following person via this Honorable Court's CM/ECF system:

E. Leif Reid, Esq.
Lewis Roca Rothgerber Christie LLP
One East Liberty Street, Suite 300
Reno, Nevada 89501-2128
lreid@lrrc.com
*Counsel for the Defendant*

/s/ Maurice B. VerStandig
Maurice B. VerStandig
