# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Alyssa Ball, et al., | Case No. 2:20-cv-00888-JAD-BNW |
| Plaintiffs, | |
| v. | **ORDER** |
| Skillz Inc., | |
| Defendant. | |

Before the Court is plaintiff Jane Roe's motion to stay the Court's order requiring the Clerk of Court to unseal Roe's Certificate of Interested Parties ("CIP"). ECF No. 44. The Court issued that order when it denied Roe's motion for leave to proceed anonymously. Roe seeks to stay the order pending her appeal of the Court's decision to the Ninth Circuit. Because the balance of relevant factors tips in Roe's favor, the Court will grant the motion and the order will be stayed pending appeal.

## BACKGROUND

Roe brings claims against defendant for violations of the Colorado Consumer Protection Act and asked this court to allow her to proceed anonymously. ECF No. 10. She explained that her allegations are inextricably related to her own compulsive gambling, the impact of that gambling on her mental health, the suicidal inclinations she experienced, and the related personal harms she suffered. *Id.* She further explained that her employer does not know of her struggles with gambling. She noted that her work requires interaction with members of the public who, upon learning about this case, may "weaponize" the information against her in future encounters. *Id.* She is fearful of being confronted by those around her if this information were to become public and the ways in which this could affect her professional standing. *Id.*

On October 14, 2020, this Court denied Roe's motion to proceed anonymously. ECF No. 39. Roe filed an objection, ECF No. 40, which the district judge overruled, ECF No. 42. The district judge ordered that on November 25, 2020, the Clerk of Court unseal the CIP. *Id.*

Roe appealed the district judge's decision to the Ninth Circuit. ECF No. 43. She filed a motion to stay the Court's order requiring unsealing of the CIP, ECF No. 44, and then a motion to shorten the time to respond to her motion for a stay, ECF No. 45. The Court granted Roe's motion for an order shortening time, ECF No. 46, and no response was filed. Therefore, Roe's motion for a stay is ripe for review.

## ANALYSIS

A stay is not a matter of right. *Nken v. Holder*, 556 U.S. 418, 434 (2009). Instead, it is an exercise of judicial discretion that is dependent upon the circumstances of a particular case. *Id.* The burden of showing that the circumstances justify an exercise of that discretion rests on the movant. *Doe #1 v. Trump*, 957 F.3d 1050, 1058 (9th Cir. 2020).

The Court's discretion in deciding whether to grant a stay pending appeal is guided by the four factors that the Supreme Court set forth in *Nken*: (1) whether the applicant will be irreparably injured absent a stay; (2) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. *Lair v. Bullock*, 697 F.3d 1200, 1203 (9th Cir. 2012) (quotation omitted).

Courts apply a "sliding scale" to the factors, such that a stronger showing on one element may offset a weaker showing on another. *Morse v. Servicemaster Global Holdings, Inc.*, 2013 WL 123610, at *2 (N.D. Cal. Jan 8, 2013). This is especially true in the stay context. *Leiva-Perez v. Holder*, 640 F.3d 962, 966 (9th Cir. 2011). The first two factors, however, are the most critical. *Griffin v. Harrington*, 2013 WL 3873958, at *1 (C.D. Cal. Jan. 18, 2013) (citing *Lair*, 697 F.3d at 1204). And the last two factors are reached only once an applicant satisfies the first two factors. *Al Otro Lado v. Wolf*, 952 F.3d 999, 1007 (9th Cir. 2020).

Here, the Court finds that Roe has carried her burden to show that the Court should exercise its discretion to issue a stay. To show irreparable injury, Roe emphasizes that once the

Clerk of Court unseals the CIP, Roe's true name will be set forth in the public record and it can never be fully clawed back. She asserts that the underlying lawsuit has already attracted public scrutiny from media and private messaging forums. Thus, once the Clerk of Court unseals the CIP, the bell cannot be unrung.

The Court agrees and finds that the first factor weighs strongly in favor of a stay. Although the Court stands by its analysis, it is clear to the Court that, should the Ninth Circuit feel differently, Roe will be irreparably injured absent a stay because she will be unable to claw back her anonymity. Thus, Roe has established the minimum threshold showing that irreparable injury is likely to occur during the period before her appeal is decided. *Leiva-Perez v. Holder*, 640 F.3d at 968.

The second factor, however, weighs only slightly in favor of a stay. The Court's decision will be reviewed for an abuse of discretion. *Doe v. Kamehameha Schools/Bernice Pauahi Bishop Estate*, 596 F.3d 1036, 1042 (9th Cir. 2010). The Court believes that it articulated the correct legal standard when it denied Roe's motion. Thus, Roe has the difficult job of overcoming a review standard that is inherently deferential to this Court's discretion.

However, Roe's appeal is not necessarily doomed to fail. In her motion for a stay, Roe argues that there exists an absence of case law discussing suicidal inclinations and/or problem gambling as grounds sufficient to meet the "embarrassment" standard for leave to utilize a fictitious name. ECF No. 44 at 7. She claims, therefore, that there exists a bona fide likelihood that the Ninth Circuit may view this inquiry differently than the trial court does.

The Court notes that in our circuit the "most compelling situations" where a litigant is permitted to proceed anonymously "involve matters which are highly sensitive, such as social stigmatization." *Jane Roes 1–2 v. SFBSC Mgmt., LLC*, 77 F. Supp. 3d 990, 994 (N.D. Cal. 2015) (citing *Doe v. Rostker*, 89 F.R.D. 158, 162 (N.D. Cal. 1981)). Although the Court found that in today's environment a gambling addiction with accompanying mental health problems is not so inordinate as to be highly sensitive and personal in nature, it is plausible that others will disagree. Therefore, Roe has made only a meek showing of likelihood of success on the merits.

1   Roe's meek showing on likelihood of success is offset by her strong showing of
2   irreparable injury. *See Al Otro Lado v. Wolf*, 952 F.3d 999, 1010 (9th Cir. 2020) ("Where, as here,
3   the showing of irreparable harm is weak at best, the [litigant] must show a commensurately strong
4   showing of a likelihood of success on the merits to prevail under a sliding scale approach.").
5   Therefore, Roe has made her threshold showing and the Court may turn to the final two factors.

6   The third factor—whether issuance of the stay will substantially injure other parties
7   interested in the proceeding—weighs heavily in favor of a stay. The only other party interested in
8   this proceeding is the defendant. Defendant chose not to oppose Roe's motion for a stay. The
9   court construes this decision to mean that defendant will not be harmed by a stay, substantially or
10  otherwise.

11  The fourth factor—the public interest—weighs slightly against a stay. The public's
12  common law right of access to judicial proceedings is firmly established, *Does I thru XXIII v.
13  Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000), and creates a presumption against
14  anonymity, *Doe v. Cnty. of El Dorado*, 2013 WL 6230342, at *5 (E.D. Cal. Dec. 2, 2013). In
15  certain cases, the denial of anonymity can obstruct the public interest because litigants may
16  choose to not bring important issues to the forefront. *Id.* The Court does not believe the
17  underlying matter to be one such case, especially given that it began without Roe and with named
18  plaintiffs only. ECF No. 1 & 11. However, a slight delay of the revelation of Jane Roe's name
19  while she pursues an appeal of this lone issue harms the public interest only slightly.

20  On balance, the Court finds that Roe has shown the circumstances justify the exercise of
21  this Court's discretion to issue a stay of its order requiring unsealing of the CIP pending Roe's
22  appeal.

23  …
24  …
25  …
26  …
27  …
28  …

**CONCLUSION**

IT IS THEREFORE ORDERED that plaintiff Jane Roe's motion to stay unsealing of the Certificate of Interested Parties pending appeal (ECF No. 44) is GRANTED. The Clerk of Court **shall not** unseal the Certificate of Interested Parties in this case until the Ninth Circuit has rendered a decision on Roe's appeal.

DATED: November 16, 2020.

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE