Maurice VerStandig, Esq.
Nevada Bar No.: 15346
THE VERSTANDIG LAW FIRM, LLC
1452 W. Horizon Ridge Pkwy, #665
Henderson, Nevada 89012
Telephone: (301)444-4600
Facsimile: (301)444-4600
Email:  mac@mbvesq.com
*Counsel for Ms. Ball, Mr. Prignano and Jane Roe*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| ALYSSA BALL,<br><br>JOHN PRIGNANO,<br><br>   and<br><br>JANE ROE,<br><br>   Plaintiffs,<br><br>   v.<br><br>SKILLZ INC.,<br><br>   Defendant. | *<br>*<br>*<br>*<br>*<br>*  Case No. 2:20-cv-888 -JAD-BNW<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* |

**MOTION TO COMPEL PAYMENT OF ARBITRATION FEES**

Come now Alyssa Ball, John Prignano, and Jane Roe (collectively, the "Plaintiffs"), by and through undersigned counsel, pursuant to Federal Rule of Civil Procedure 70, and move this Honorable Court to enforce its Order Granting Motion to Compel Arbitration, Denying Motions to Dismiss and for a Preliminary Injunction, and Overruling Objection (the "Judgment," as found at DE #42) by requiring Skillz, Inc. (the "Defendant") to pay the fees of arbitration, and in support thereof state as follows:

MOTION TO COMPEL PAYMENT OF ARBITRATION FEES - 1

I. **Introduction**

The Plaintiffs herein previously opposed a motion to compel arbitration of their claims on the theory it is unconscionable to compel them to pay one half of the fees associated with arbitration, given the enormity of such costs. This Honorable Court, in compelling the dispute *sub judice* to arbitration, found for the Plaintiffs on this lone point, and ordered the fee-splitting mechanism stripped from the agreement to arbitrate. Unfortunately, the Defendant is now refusing to pay for arbitration of this matter, arguing the elimination of the fee-splitting mechanism simply means the burden to pay for arbitration is now one that simply falls to the Plaintiffs *en toto*.

In arguing the Plaintiffs, having succeeded in having the fee-splitting mandate eliminated from the agreement to arbitrate, are now bound to themselves pay for arbitration, the Defendant does a disservice to this Honorable Court's Judgment, undermines the Judgment, and continues to stand in the way of the Plaintiffs' claims being adjudicated. Accordingly, the Plaintiffs thus ask this Honorable either (i) authorize the Plaintiffs to file for arbitration, at the Defendant's expense, pursuant to Federal Rule of Civil Procedure 70(a); or (ii) direct the Defendant to pay the costs of arbitration, without further delay.

II. **Argument: The Defendant Should be Compelled to Pay for Arbitration.**

The Plaintiffs wanted to proceed with their case in this Honorable Court, and they made numerous arguments as to why they ought to be permitted to do so. They lost. And they accept this Honorable Court's reasoning for the same. They have not appealed the arbitrability of the

MOTION TO COMPEL PAYMENT OF ARBITRATION FEES - 2

dispute,[1] and they have, instead, sent the mandated notices of dispute, called for by the Defendant's terms of service, as a prerequisite to formally commencing arbitration.

Unfortunately, it seems the Defendant does not feel similarly about this Honorable Court's order. To the contrary, while the Judgment makes clear the requirement the Plaintiffs split the fees of arbitration is unconscionable, the Defendant has elected to contend such simply means the Plaintiffs are now left to pay for arbitration themselves. This is not an act of good faith and, to the contrary, is one that merits remedying through the enforcement mechanisms of Federal Rules of Civil Procedure and this Honorable Court's inherent powers.

Specifically, Federal Rule of Civil Procedure contemplates a situation where a litigant declines to adhere to the terms of a final order:

> If a judgment requires a party to convey land, to deliver a deed or other document, or to perform any other specific act and the party fails to comply within the time specified, the court may order the act to be done--at the disobedient party's expense--by another person appointed by the court. When done, the act has the same effect as if done by the party.

Fed. R. Civ. P. 70(a).

This Honorable Court also has the inherent power to issue such orders as are necessary to effectuate the spirit of its prior Judgment. *See also*, *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 764 (1980) ("The inherent powers of federal courts are those which 'are necessary to the exercise of all others.'") (quoting *United States v. Hudson*, 7 Cranch 32, 34 (1812)).

The Plaintiffs previously argued the Defendant's terms of service are unconscionable because they require the costs of arbitration to be split between the parties. *See* Opposition to

---

[1] Jane Roe has appealed the portion of the order denying her leave to proceed under a fictitious name, and that dispute is now pending before the United States Court of Appeals for the Ninth Circuit. She has not appealed the issue of arbitrability, and neither Alyssa Ball nor John Prignano have filed any appeal at all.

MOTION TO COMPEL PAYMENT OF ARBITRATION FEES - 3

Motion to Compel Arbitration, DE #27, at 10:11-11:26. The Plaintiffs presented an expert affidavit as to what the fees and costs of arbitration would be, and outlined how these are unconscionable in the prism of a consumer agreement. *Id.*

This Honorable Court agreed, holding, quite pointedly, "Arbitration agreements that require the parties to split fees are substantively unconscionable, and the agreement here does just that." Judgment, DE #42, at 10:17-18. The order goes on to compel arbitration "minus the agreement's fee-splitting provision." *Id.* at 15:15-16.

Accordingly, as the Plaintiffs prepare to file demands for arbitration – which will require filing fees of $7,700 for Ms. Ball, $7,700 for Mr. Prignano, and $2,900 for Jane Roe (*see* Schedule of Filing Fees, attached hereto as Exhibit A) – they asked how the Defendant intended to cover the payment of these fees. The Defendant, in turn, responded that it did not.

Specifically, the Defendant indicated that it views this Honorable Court's Judgment as simply requiring the Plaintiffs to bear the costs of arbitration:

> Having gone back to look at this, we do not agree that the Court's order requires Skillz to pay your clients' AAA filing fees. The Court struck the provision of Skillz' terms of service that otherwise would have required the parties to split all arbitration fees and costs (subject to an arbitrator awarding the prevaliing party reimbursement of such reasonable fees and costs). The arbitration agreement is now simply silent on this issue, so your clients should either pay their respective filing fees or (if they choose) seek a hardship waiver from the AAA.

E-mail from Counsel for the Defendant, attached hereto as Exhibit B.

Of course, the filing fees – which total just over $17,500 between the three Plaintiffs – are not the end of the analysis. If the Defendant will not pay the initial filing fee, it almost assuredly will decline to pay the final fee set forth in the arbitrator's schedules, which is due *before* the first hearing in an arbitration, and which will be an additional $8,475 for Ms. Ball, $8,475 for Mr. Prignano, and $2,200 for Jane Roe. *See* Schedule of Filing Fees, attached hereto as Exhibit A.

MOTION TO COMPEL PAYMENT OF ARBITRATION FEES - 4

Stated otherwise, the Defendant is indicating it will not pay the fees of arbitration, and Ms. Ball must thusly pay an aggregate fee of $16,175 (before accounting for the costs of actual arbitrators' time), Mr. Prignano must pay an aggregate fee of $16,175 (also before accounting for the costs of arbitrators), and Jane Roe must pay an aggregate fee of $5,100 (again, before paying for arbitrators).

This is plainly not what this Honorable Court ordered. To the contrary, this is a regime that makes it economically impossible for the Plaintiffs to actually have their day in court (or arbitration, as it is).[2] In fact, it is a regime that puts the Plaintiffs in a worse position than that in which they found themselves before the unconscionable arbitration provision was stricken.

Accordingly, the Plaintiffs respectfully ask this Honorable Court either (i) compel the Defendant to pay for arbitration; or (ii) direct the Plaintiffs (through undersigned counsel's firm) to pay the costs of arbitration, at the Defendant's expense, and permit the Plaintiffs to then petition for the same expense to be reduced to judgment if not promptly reimbursed by the Defendant.

**III.     Conclusion**

WHEREFORE, the Plaintiffs respectfully pray this Honorable Court (i) direct Skillz, Inc. to pay the costs – including filing fees – of arbitration; (ii) alternatively, authorize undersigned counsel to extend such monies at Skillz, Inc.'s expense and order Skillz, Inc. to reimburse such monies within seven (7) days of being notified, through counsel, of such expenditures; and (iii) afford such other and further relief as may be just and proper.

---

[2] Undersigned counsel acknowledges his firm could ethically front these fees, and does not deny his firm has the resources to do so. However, undersigned counsel manages a very small boutique practice with one full time attorney (being undersigned counsel), one part time non-equity partner, two part time associates, an administrative assistant, and a part time marketing employee; having to front $37,450 for a case would effectively mean having to remove someone from the payroll.

MOTION TO COMPEL PAYMENT OF ARBITRATION FEES - 5

Respectfully submitted,

<u>/s/ Maurice B. VerStandig</u>
Maurice B. VerStandig, Esq.
Bar No. 15346
The VerStandig Law Firm, LLC
1452 W. Horizon Ridge Pkwy, #665
Henderson, Nevada 89012
Telephone: 301-444-4600
Facsimile: 301-444-4600
Electronic Mail: mac@mbvesq.com
*Counsel for the Plaintiffs*

## CERTIFICATE OF SERVICE

I certify that on this 4th day of February, 2021, I have caused a true and accurate copy of the foregoing to be served on the following person via this Honorable Court's CM/ECF system:

E. Leif Reid, Esq.
Lewis Roca Rothgerber Christie LLP
One East Liberty Street, Suite 300
Reno, Nevada 89501-2128
lreid@lrrc.com
*Counsel for the Defendant*

<u>/s/ Maurice B. VerStandig</u>
Maurice B. VerStandig



MOTION TO COMPEL PAYMENT OF ARBITRATION FEES - 6