E. LEIF REID, Bar No. 5750
LEWIS ROCA ROTHGERBER CHRISTIE LLP
One East Liberty Street, Suite 300
Reno, Nevada 89501-2128
Tel: 775.823.2900
Fax: 775.823.2929
lreid@lrrc.com

Attorneys for Defendant Skillz Platform Inc.

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ALYSSA BALL,<br><br>JOHN PRIGNANO,<br><br>and<br><br>JANE ROE,<br><br>       Plaintiffs,<br><br>vs.<br><br>SKILLZ INC.,<br><br>       Defendant. | CASE No. 2:20-cv-00888-JAD-EJY<br><br>**DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL PAYMENT OF ARBITRATION FEES** |

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ........................................................................................................1

PROCEDURAL BACKGROUND ...................................................................................................1

ARGUMENT .....................................................................................................................................2

I.    PLAINTIFFS' MOTION TO COMPEL IN THIS DISMISSED CASE SHOULD NOT BE ENTERTAINED BY THIS COURT ...................................................................2

II.   THERE IS NO BASIS FOR THIS COURT TO COMPEL SKILLZ TO PAY ALL OF PLAINTIFFS' COSTS AND FEES ............................................................................3

CONCLUSION ..................................................................................................................................7

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Cole v. Burns Int'l Sec. Servs.*,
    105 F.3d 1465 (D.C. Cir. 1997) .................................................................................................. 4

*Green Tree Fin. Corp.-Ala. v. Randolph*,
    531 U.S. 79 (2000) ...................................................................................................................... 3

*Haraway v. E! Entertainment Television*, LLC,
    CV 13-0628 FMO, 2014 WL 12588479 (C.D. Cal. April 7, 2014) ...................................... 5

*Kyocera Corp. v. Prudential–Bache Trade Servs., Inc.*,
    341 F.3d 987 (9th Cir. 2003) ..................................................................................................... 4

*Lifescan, Inc. v. Premier Diabetic Servs., Inc.*,
    363 F.3d 1010 (9th Cir. 2004) ............................................................................................ 1, 4, 5

*Ting v. AT&T*,
    319 F.3d 1126 (9th Cir. 2003) .................................................................................................. 4

*Williams v. Tully*,
    No. C-02-05687 MMC, 2005 WL 645943 (N.D. Cal. March 18, 2005) .......................... 4, 5

**Rules and Regulations**

Fed. R. App. P. 4 .................................................................................................................................. 3

Fed. R. Civ. P. 59(e) ............................................................................................................................ 3

Fed. R. Civ. P. 70 ................................................................................................................................. 3

**PRELIMINARY STATEMENT**

The Court should not entertain, let alone grant, Plaintiffs' Motion to Compel Payment of Arbitration Fees. The Court dismissed this case on November 12, 2020. The only issue that remains in this case, on appeal, is whether the Clerk of Court should unseal Plaintiff Roe's identity. Plaintiffs' February 4, 2021 motion to compel fees thus cannot even be considered.

Plaintiffs' motion also fails on the merits. There is no basis in the law or the parties' arbitration agreement for this Court to compel Skillz to pay all of Plaintiffs' costs and fees. In its November 12, 2020 Order, this Court struck the clause in the parties' arbitration agreement that contractually required each party to pay an equal share of the fees and costs of the arbitrator and American Arbitration Association (AAA). The parties' arbitration agreement is thus now silent on the exact apportionment of arbitration costs and fees. The law is clear: where the parties' agreement is silent as to which party pays for which costs and fees, but the agreement incorporates the AAA Commercial Arbitration Rules (as is the case here), any dispute about the apportionment of costs and fees must be addressed to the arbitrator, not the courts. *Lifescan, Inc. v. Premier Diabetic Servs., Inc.*, 363 F.3d 1010, 1013 (9th Cir. 2004).

This Court properly did not order Skillz to pay all of Plaintiffs' administrative costs and fees in its November 12, 2020 Order. There was no basis to issue such an order in November, and there remains no basis for such an order now. Plaintiffs' motion should be denied.

**PROCEDURAL BACKGROUND**

On May 17, 2020, Plaintiffs Ball and Prignano filed this action in this Court in violation of the parties' arbitration agreement. (ECF No. 1.) On July 20, 2020, Plaintiffs filed a First Amended Complaint, which, among other things, added Roe as a plaintiff in this case. (ECF No. 11.)

On November 12, 2020, this Court issued an order granting Skillz'[1] motion to dismiss this case in favor of arbitration and overruling Roe's objection to the magistrate judge's October 14, 2020 order denying Roe's Motion to Proceed under a Fictitious Name and Motion to Seal the

---

[1] Defendant Skillz Inc. is now Skillz Platform Inc.

-1-    Case No. 2:20-cv-00888-JAD-EJY
DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL PAYMENT OF ARBITRATION FEES
113617090.1

Certificate of Interested Parties.  In ruling on Skillz' motion to dismiss and to compel arbitration, this Court struck the provision in the parties' arbitration agreement that stated that each party "shall pay an equal share of the fees and costs of the arbitrator and AAA."  (ECF No. 22-5 at 18.)  The Court then ruled:  "I dismiss this action without prejudice and order the parties to arbitrate the plaintiffs' claims in accordance with their agreement, minus the severed fee-splitting provision."  (ECF No. 42 at 13.)

On November 12, 2020, Plaintiff Roe filed a Notice of Appeal of the Court's November 12, 2020 Order.  (ECF No. 43.)  On December 21, 2020, Plaintiff Roe filed her opening brief on appeal, limiting the appeal to the rulings on Roe's Motion to Proceed under a Fictitious Name and Motion to Seal the Certificate of Interested Parties.  (DE No. 7.)[2]

On February 4, 2020, Plaintiffs filed the instant "Motion to Compel Arbitration Fees" seeking new relief from this Court—*i.e.*, an order compelling Skillz to "pay the costs—including filing fees—of arbitration; (ii) alternatively, authorize [Plaintiffs'] counsel to extend such monies at Skillz, Inc.'s expense and order Skillz, Inc. to reimburse such monies within seven (7) days of being notified, through counsel, of such expenditures; and (iii) afford such other and further relief as may be just and proper."  (ECF No. 52 at 5.)

## ARGUMENT

### I.  PLAINTIFFS' MOTION TO COMPEL IN THIS DISMISSED CASE SHOULD NOT BE ENTERTAINED BY THIS COURT

The Court should not entertain Plaintiffs' motion because it is a procedurally improper attempt to seek new relief in a dismissed case and untimely reconsideration of this Court's ruling on Skillz' motion to compel arbitration.

The Court dismissed this case in favor of arbitration on November 12, 2020.  (*See* Background, *supra* at p.1.)  Plaintiff Roe appealed the Court's November 12, 2020 Order, but limited her appeal to the issue of whether the Clerk of Court should unseal her Certificate of Interested Parties.  (*See supra* at p.2.)  Plaintiffs Ball and Prignano did not seek reconsideration of

---

[2] Citations to "DE" refer to Docket Entry in *Jane Roe et al. v. Skillz, Inc.*, Case No. 20-17221.

-2-   Case No. 2:20-cv-00888-JAD-EJY
DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL PAYMENT OF ARBITRATION FEES
113617090.1

or appeal the Court's order, and the deadline to do either has long passed. Fed. R. App. P. 4; Fed. R. Civ. P. 59(e). The only issue that remains to be adjudicated in this case, therefore, is the limited one on appeal: whether Roe's Certificate of Interested Parties should be unsealed. Plaintiffs cannot now bring a motion to compel payment of arbitration costs and fees in this case, any more than they can bring a motion to compel document discovery. *See, e.g.*, *Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79, 86 (2000) ("The District Court's order directed that the dispute be resolved by arbitration and dismissed respondent's claims with prejudice, leaving the court nothing to do but execute the judgment. That order plainly disposed of the entire case on the merits and left no part of it pending before the court.").

Plaintiffs purport to move this Court pursuant to Federal Rule of Civil Procedure 70 (Mot. at 1, 3), which permits the issuance of an order to enforce a judgment requiring a specific act. That rule has no applicability here, though, as the judgment in this case did not compel any party to perform any act. To the contrary, this Court's November 12, 2020 Order forbade Plaintiffs from disregarding the parties' arbitration agreement by pursuing their claims in this Court, and it forbade Skillz from enforcing a provision of the arbitration agreement that would have compelled Plaintiffs to front 50% of the costs and fees of any arbitration and taken away the arbitrators' authority to specify a different sharing arrangement for those costs and fees. (ECF No. 42 at 13.) Plaintiffs thus do not seek to enforce the November 12, 2020 Order, but rather seek new relief that they failed to obtain in that Order—*i.e.*, an order compelling Skillz to pay all of Plaintiffs' arbitration costs and fees. Plaintiffs' motion thus cannot be entertained by this Court.

## II. THERE IS NO BASIS FOR THIS COURT TO COMPEL SKILLZ TO PAY ALL OF PLAINTIFFS' COSTS AND FEES

There is also no basis to grant Plaintiffs' motion on the merits. Plaintiffs have not offered this Court any case—and after researching the law in this Circuit, Skillz is not aware of any— in which a court took the extreme step of compelling a defendant to pay ***all*** of the plaintiffs' costs and fees in arbitration (absent express agreement in the parties' contract).

Even where, as here, courts strike contractual clauses that require plaintiffs to pay half of the arbitrators' hourly fees, they do not compel defendants to pay all of plaintiffs' administrative

-3-   Case No. 2:20-cv-00888-JAD-EJY
DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL PAYMENT OF ARBITRATION FEES
113617090.1

costs and fees in arbitration. *See, e.g.*, *Ting v. AT&T*, 319 F.3d 1126, 1151 (9th Cir. 2003) (cited in November 12, 2020 Order at 10 n.52). In fact, courts recognize that there is no basis to compel defendants to pay all of plaintiffs' costs and administrative fees in arbitration because plaintiffs are responsible for paying their own costs and administrative fees in litigation as well. *E.g.*, *Cole v. Burns Int'l Sec. Servs.*, 105 F.3d 1465, 1484 (D.C. Cir. 1997) (relied upon by Ninth Circuit in *Ting*) ("There is no doubt that parties appearing in federal court may be required to assume the cost of filing fees and other administrative expenses, so any reasonable costs of this sort that accompany arbitration are not problematic.").[3]

Moreover, the Ninth Circuit has held that where the parties have agreed to American Arbitration Association ("AAA") Rules like those agreed to here, disputes about the apportionment of costs and fees must be decided by the arbitrator. In *Lifescan, Inc. v. Premier Diabetic Servs., Inc.*, 363 F.3d 1010 (9th Cir. 2004), the parties' arbitration agreement did not expressly address the apportionment of costs and fees. The agreement did, however, "incorporate[] the AAA Rules." *Id.* at 1012. Those rules, like the AAA Rules to which the parties agreed here (ECF No. 22-5 (Terms of Service) at 17), gave "arbitrators broad discretion to allocate fees and expenses among the parties" and "empower[ed] the arbitrator to reduce or defer administrative fees in the face of extreme hardship." *Lifescan*, 363 F.3d at 1012; *see also* Ex. 1 (AAA Commercial Arbitration Rules) at R-47(c) ("The arbitrator may apportion . . . fees, expenses, and compensation among the parties in such amounts as the arbitrator determines is

---

[3] It is of no moment that initial filing fees in arbitration may be greater than initial filing fees in court. First, plaintiffs can obtain a hardship waiver for arbitration filing fees if they qualify financially. *See* Ex. 1 (AAA Commercial Arbitration Rules) at R-53 ("The AAA may, in the event of extreme hardship on the part of any party, defer or reduce the administrative fees."); *see also Williams v. Tully*, No. C-02-05687 MMC, 2005 WL 645943, *2 (N.D. Cal. March 18, 2005) ("After plaintiff filed a financial hardship declaration with the AAA, the AAA deferred plaintiff's payment of the $4250 initial filing fee."). Second, plaintiffs in litigation must front not only their filing fees, but other costs (e-discovery vendor costs, deposition court reporter costs, expert costs, copy costs, shipping costs, travel costs) in litigation that they can avoid or reduce in arbitration, *see, e.g.*, *Kyocera Corp. v. Prudential–Bache Trade Servs., Inc.*, 341 F.3d 987, 998 (9th Cir. 2003) (en banc) (noting how arbitration can be faster and cheaper than litigation). Plaintiffs' counsel's statement about his office's difficulty in fronting Plaintiffs' costs and fees (Mot. at 5), therefore, applies equally whether Plaintiffs were to proceed in litigation or in arbitration.

appropriate."). The Ninth Circuit thus found that the agreement was "not silent [on apportionment of fees] because it incorporates the rules of the AAA, which do cover the apportionment of fees: They leave it up to the arbitrators." *Lifescan*, 363 F.3d at 1013; *see also Haraway v. E! Entertainment Television*, LLC, CV 13-0628 FMO, 2014 WL 12588479, *4 (C.D. Cal. April 7, 2014) ("Whatever 'suggestion' might be taken from the Court's Order [compelling arbitration], the court now clarifies its intent: should plaintiff seek relief from his payment obligations, he should look to the arbitrator, not the court, for such relief."); *Williams v. Tully*, No. C-02-05687 MMC, 2005 WL 645943, *5-7 (N.D. Cal. March 18, 2005) (fee disputes for arbitrator to decide).

In its November 12, 2020 Order, the Court struck the provision requiring the parties to split all arbitration costs and fees equally. Consistent with controlling law, the Court did ***not*** rewrite the parties' contracts to require Skillz to pay all of Plaintiffs' costs and fees in arbitration and/or front each of Plaintiffs' initial filing fees. The parties' arbitration agreements are thus now silent as to the precise allocation of costs and fees, but for incorporation of the AAA Rules—just as in *Lifescan*.

Plaintiffs here, therefore, must follow the AAA rules: they must pay the initial filing fees when they initiate their arbitrations, or seek a hardship waiver under the AAA rules if they qualify financially. (ECF No. 52-1 a 1 ("[A]dministrative fees . . . are to be paid by the party bringing the claim or counterclaim at the time the demand or claim is filed with the AAA."); Ex. 1 (AAA Commercial Arbitration Rules) at R-53 ("The filing fee shall be advanced by the party or parties making a claim or counterclaim, subject to final apportionment by the arbitrator in the award. The AAA may, in the event of extreme hardship on the part of any party, defer or reduce the administrative fees."); *see also Williams*, 2005 WL 645943 at *2 ("After plaintiff filed a financial hardship declaration with the AAA, the AAA deferred plaintiff's payment of the $4250 initial filing fee."). Applications about any filing fees Plaintiffs are required to pay, or any other cost or fees, must then be addressed to the arbitrators. *E.g.*, *Lifescan*, 363 F.3d at 1013; *Haraway*, 2014 WL 12588479 at *4; *Williams*, 2005 WL 645943, *5-7.

Plaintiffs' demand that Skillz front their initial filing fees illustrates why this Ninth Circuit law establishes the only approach that is both practically feasible and in line with the purposes of

the Federal Arbitration Act (FAA).  *First*, a system whereby plaintiffs could compel their adversaries to front the costs of suing them in arbitration by filing applications in court would result in the very burden on the courts the FAA is meant to prevent.  *Second*, because arbitration filing fees increase based upon the amount in dispute (*see* ECF No. 52-1), a rule whereby defendants are required to front plaintiffs' initial filing fees would incentivize plaintiffs to inflate their claimed damages so as to impose higher filing fees on their adversaries, and disincentivize plaintiffs from seeking the arbitration fee hardship waivers to which they are entitled.  *Third*, a rule that permits plaintiffs to bring claims without incurring any costs whatsoever encourages the filing of frivolous claims designed to extract nuisance settlements.  Notably, Plaintiff Prignano alleged in his complaint before this Court that he fronted *$950,000* to play esports (*see* ECF No. 1 ¶ 67), and Plaintiff Ball alleged that she fronted over *$650,000* to play esports (*see* ECF No. 1 ¶ 40).  On their own representations to this Court, Plaintiffs Prignano and Ball thus appear to have substantial financial resources at their disposal.[4]

In sum, there is no basis in the law, the parties' contract, or policy for this Court to compel Skillz to pay all of Plaintiffs' costs and fees, or even to front their initial filing fees.  Any application for costs and fees that Plaintiffs wish to make must be addressed to the arbitrators.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

---

[4] As Plaintiffs' counsel tacitly concedes (Mot. at 5), Plaintiffs in litigation often must retain contingency attorneys who believe in their claims sufficiently to take the risk of fronting extensive litigation costs with the potential to recover them later.  The costs of litigation thus serve as a check against meritless claims being filed in pursuit of nuisance settlements.

## CONCLUSION

The Court should not entertain Plaintiffs' Motion to Compel Arbitration Fees in this dismissed case. Should the Court reach the merits of the motion, the Court should deny the motion for the foregoing reasons.

DATED:  February 18, 2021      LEWIS ROCA ROTHGERBER CHRISTIE LLP


By */s/ E. Leif Reid*
E. Leif Reid, SBN 5750
One East Liberty Street, Suite 300
Reno, Nevada 89501

Attorneys for Skillz Platform Inc.

**CERTIFICATE OF SERVICE**

Pursuant to Federal Rule of Civil Procedure 5(b), I certify that I am an employee of Lewis Roca Rothgerber Christie LLP, and that on this date, I caused the foregoing **DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL PAYMENT OF ARBITRATION FEES** to be served by electronically filing the foregoing with the CM/ECF electronic filing system, which will send notice of electronic filing to the following:

> Maurice VerStandig
> The VerStandig Law Firm, LLC
> 1452 W. Horizon Ridge Pkwy, #665
> Henderson, Nevada 89012
> mac@mbvesq.com

DATED this 18th day of February, 2021.

 */s/ Autumn D. McDannald*
An Employee of Lewis Roca Rothgerber Christie LLP

**INDEX OF EXHIBITS**

| Exhibit No. | Description | No. of Pages |
|---|---|---|
| 1 | AAA Commercial Arbitration Rules and Mediation Procedures | 46 |