Maurice VerStandig, Esq.
Nevada Bar No.: 15346
THE VERSTANDIG LAW FIRM, LLC
1452 W. Horizon Ridge Pkwy, #665
Henderson, Nevada 89012
Telephone: (301)444-4600
Facsimile: (301)444-4600
Email:  mac@mbvesq.com
*Counsel for Ms. Ball, Mr. Prignano and Jane Roe*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| ALYSSA BALL, | * |
| JOHN PRIGNANO, | * |
| and | * |
| JANE ROE, | * Case No. 2:20-cv-888 -JAD-BNW |
| Plaintiffs, | * |
| v. | * |
| SKILLZ INC., | * |
| Defendant. | * |

**REPLY TO OPPOSITION TO MOTION**
**TO COMPEL PAYMENT OF ARBITRATION FEES**

Come now Alyssa Ball, John Prignano, and Jane Roe (collectively, the "Plaintiffs"), by and through undersigned counsel, in reply to the opposition (the "Opposition," as found at DE #53) filed by Skillz, Inc. (the "Defendant") in response to the motion to compel payment of arbitration fees (the "Motion," as found at DE #52), and state as follows:

**I.    Introduction**

The Defendant created terms of service (the "TOS") requiring consumers to not only arbitrate disputes but, indeed, to do so using the American Arbitration Association's ("AAA")



REPLY IN SUPPORT OF MOTION TO COMPEL PAYMENT OF ARBITRATION FEES - 1

commercial arbitration rules. This is, unto itself, somewhat stunning – whereas AAA has consumer arbitration rules (which contemplate a filing fee that can actually be afforded by consumers, and that is even less than the filing for this Honorable Court), the commercial rules create a regime where the cost of arbitration is so prohibitive as to serve as a *de facto* bar to a consumer having his or her claims adjudicated.

This Honorable Court, in its Order Granting Motion to Compel Arbitration, Denying Motions to Dismiss and for a Preliminary Injunction, and Overruling Objection (the "Judgment," as found at DE #42), found the Defendant's efforts to compel payment of so much as half of AAA's commercial arbitration fees to be unconscionable as a matter of law. Yet the Defendant now argues that ruling simply means the Plaintiffs must go forth and pay the whole of the commercial arbitration filing fees with hopes an arbitrator will then afford them a discount.

The Defendant's position is not only inconsistent with the plain meaning of this Honorable Court's Judgment but, too, with the realities of arbitration giving rise to that Judgment. The Motion should thusly be granted over the Defendant's opposition.

**II.     Argument: The Defendant Should be Compelled to Pay for Arbitration.**

The filing fee for the three Plaintiffs to engage AAA arbitration will be $18,300.00. *See* Motion at 4:9. The Defendant is suggesting (i) this Honorable Court's Judgment, finding a clause requiring the Plaintiffs to pay *half* that fee to be unconscionable, simply means the Plaintiffs are now to pay *all* of that fee; and (ii) once the Plaintiffs pay that fee, they are welcome to ask an arbitrator to reapportion the remaining $19,500.00 in filing fees – and costs of arbitrators' time – to be incurred. This is not an argument that conforms with the Judgment.

AAA has consumer arbitration rules. Those rules require consumers to pay a filing fee of $200.00. *See* Consumer Arbitration Rules, attached hereto as Exhibit A. The Defendant is a

REPLY IN SUPPORT OF MOTION TO COMPEL PAYMENT OF ARBITRATION FEES - 2

consumer-facing business, relying on TOC that govern consumer conduct, presently facing claims from three consumers. So this Honorable Court properly observed the Defendant's attempt to endeavor to force those three consumers to should one half of the fees for a commercial arbitration is unconscionable as a matter of law. For the Defendant to now say the Plaintiffs may petition an arbitrator to reapportion fees, once $18,300.00 in filing fees have been paid, is substantively inconsistent with that ruling.

To be sure, the Defendant's invocation of commercial rules – which come with commercial filing fees – despite being a consumer-facing business, is a clear effort to create a regime whereby the Defendant will never be made to face a claim for its actions, no matter how illegal or inequitable, because such is cost-prohibitive. The Defendant could rely on the same AAA consumer rules utilized by almost every other citizen of Silicon Valley, but it apparently knows doing so would create a regime whereby consumers could afford to bring claims.[1]

To the extent the Defendant claims the Plaintiffs would have been compelled to pay "other costs" had this case remained before this Honorable Court (Opposition at 4:25-26), the same is equally disingenuous. The costs of proceeding in this venue – even with expert witnesses, deposition fees, and other items – would have been relatively nominal, and they would been borne in a single case on behalf of all three Plaintiffs (as opposed to the three separate cases that must now be filed before AAA).

Similarly, arguing Mr. Prignano "fronted over $950,000" and Ms. Ball "fronted over $650,000" to play on the Defendant's apps is equally disingenuous. First, one of the core claims

---

[1] For the avoidance of doubt, the Plaintiffs would have no objection to proceeding under AAA consumer rules and paying AAA consumer filing fees. Those fees are less than the fees charged by this Honorable Court; the Plaintiffs cannot, in good faith, claim that fee regime to be unconscionable, nor did this Honorable Court find that fee regime to be unconscionable.

REPLY IN SUPPORT OF MOTION TO COMPEL PAYMENT OF ARBITRATION FEES - 3

in this case is that the Defendant stole the whole of Mr. Prignano and Ms. Ball's account balances; whatever monies were held by these two Plaintiffs, in connection with their use of the Defendant's apps, have now been confiscated by the Defendant. And, second, this does not mean the Plaintiffs ever had that much money – the nature of gambling (both legal and illegal) is that one can wager (and lose) monies exponentially higher than those actually presented for play.

By way of anecdote only, if a consumer brings $100 to a casino on the Las Vegas Strip and insets the $100 into a slot machine, wagering $3 per "pull" of the machine, the consumer will win some "pulls" and lose some "pulls." Over the course of an hour, the consumer's $100 may be reduced to $20, but in that intervening 60 minutes the consumer likely will have "pulled" the machine more than 500 times and, thusly, wagered more than $1,500. This does not mean the consumer ever "fronted" $1,500 or even ever had $1,500. And the gambling regime of which the Plaintiffs accuse the Defendant herein is no different.

In sum, this Honorable Court found a fee-splitting provision in the arbitration agreement to be unconscionable, and did so in response to the presentation of evidence showing how exorbitant such fees would be. Requiring the Plaintiffs to now pay the whole of the fees that could not conscionably be even split is a result inapposite to the Judgment. The Plaintiffs thusly now ask this Honorable Court to enforce its Judgment.

**III.    Conclusion**

WHEREFORE, the Plaintiffs respectfully pray this Honorable Court (i) direct Skillz, Inc. to pay the costs – including filing fees – of arbitration; (ii) alternatively, authorize undersigned counsel to extend such monies at Skillz, Inc.'s expense and order Skillz, Inc. to reimburse such monies within seven (7) days of being notified, through counsel, of such expenditures; and (iii) afford such other and further relief as may be just and proper.

REPLY IN SUPPORT OF MOTION TO COMPEL PAYMENT OF ARBITRATION FEES - 4

Respectfully submitted,

<u>/s/ Maurice B. VerStandig</u>
Maurice B. VerStandig, Esq.
Bar No. 15346
The VerStandig Law Firm, LLC
1452 W. Horizon Ridge Pkwy, #665
Henderson, Nevada 89012
Telephone: 301-444-4600
Facsimile: 301-444-4600
Electronic Mail: mac@mbvesq.com
*Counsel for the Plaintiffs*

**CERTIFICATE OF SERVICE**

I certify that on this 25th day of February, 2021, I have caused a true and accurate copy of the foregoing to be served on the following person via this Honorable Court's CM/ECF system:

E. Leif Reid, Esq.
Lewis Roca Rothgerber Christie LLP
One East Liberty Street, Suite 300
Reno, Nevada 89501-2128
lreid@lrrc.com
*Counsel for the Defendant*

<u>/s/ Maurice B. VerStandig</u>
Maurice B. VerStandig

