# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| Alyssa Ball, et al., | Case No.: 2:20-cv-00888-JAD-EJY |
| Plaintiffs | |
| v. | **Order Denying Motion to Enforce Judgment** |
| Skillz Inc.,[1] | [ECF No. 52] |
| Defendant | |

Plaintiffs Alyssa Ball, John Prignano, and Jane Roe[2] used defendant Skillz Inc.'s mobile gaming application to play a digital card game for cash prizes.[3] They brought various claims against Skillz arising from their use of the app, and Skillz moved to compel arbitration of the claims.[4] I granted Skillz's motion, finding that the plaintiffs agreed to the app's terms of service by creating accounts in the app and that the arbitration agreement in those terms is valid and enforceable.[5] But I struck as unenforceable a provision in the terms that required the parties to split arbitration fees and costs.[6]

Plaintiffs now move to enforce that order and request that I direct Skillz to pay the arbitration fees and costs or, alternatively, to order that Skillz must reimburse plaintiffs' counsel

---

[1] Skillz has indicated that "Defendant Skillz Inc. is now Skillz Platform Inc." ECF No. 53 at 4. But because Skillz has not moved to change its name in the record, I use "Skillz Inc." in the caption.

[2] The assigned magistrate judge denied Jane Roe's motion to proceed under a fictitious name. ECF No. 39. That issue is on appeal with the Ninth Circuit. ECF No. 43. As in my previous order, I refer to that plaintiff by her fictitious name.

[3] ECF No. 11.

[4] ECF No. 22.

[5] ECF No. 42.

[6] *Id.*

for those expenses if he fronts them.[7]  Plaintiffs suggest that by striking the fee-splitting provision from the terms, I ordered Skillz to bear all arbitration expenses.[8]  Skillz responds that I "should not entertain" a motion "in a dismissed case" and that even if I reach its merits, "any dispute about the apportionment of costs and fees must be addressed to the arbitrator, not the courts."[9]

My order striking as unenforceable the fee-splitting provision did not also direct Skillz to pay all the costs and fees of arbitration.  And although the terms as modified do not explicitly identify which party is meant to pay for arbitration expenses, the parties' agreement incorporates the American Arbitration Association (AAA) Commercial Arbitration Rules.[10]  The Ninth Circuit has held that an agreement incorporating the AAA rules is "not silent" as to fee apportionment, and the rules "leave it up to the arbitrators."[11]  So, it appears that this dispute over who must bear the arbitration fees and costs is an issue that must be decided by the arbitrator.

IT IS THEREFORE ORDERED that the plaintiffs' motion to enforce judgment **[ECF No. 52] is DENIED**.  The Clerk of Court is directed to CLOSE THIS CASE.

_____
U.S. District Judge Jennifer A. Dorsey
September 3, 2021

---

[7] ECF No. 52 at 5.

[8] *Id.*

[9] ECF No. 53 at 4 (citing *Lifescan, Inc. v. Premier Diabetic Servs., Inc.*, 363 F.3d 1010, 1013 (9th Cir. 2004)).

[10] ECF No. 54.

[11] *Lifescan*, 363 F.3d at 1013.