FILED

SEP 9 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JANE ROE,<br><br>　　　　　Plaintiff-Appellant,<br><br>and<br><br>ALYSSA BALL; JOHN PRIGNANO,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>SKILLZ, INC.,<br><br>　　　　　Defendant-Appellee. | No.　20-17221<br><br>D.C. No.<br>2:20-cv-00888-JAD-BNW<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Jennifer A. Dorsey, District Judge, Presiding

Submitted August 9, 2021[**]
San Francisco, California

Before: SILER,[***] CHRISTEN, and FORREST, Circuit Judges.

---

　　[*]　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

　　[**]　The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

　　[***]　The Honorable Eugene E. Siler, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

Appellant Jane Roe raised claims against Skillz Inc., arising out of her use of Skillz's mobile app, including violations of the Colorado Consumer Protection Act.  Roe filed a certificate of interested parties under seal, a motion to file the certificate under seal, and a motion to proceed under a fictitious name.  Skillz then moved to compel arbitration and dismiss claims for declaratory judgment.

Thereafter, the magistrate judge denied Roe's motions to proceed under a fictitious name and to file the certificate of interested parties under seal.  The magistrate judge stated that the "court sympathizes with Plaintiff's past psychological issues and is comforted by her choice to obtain help" but Roe "cannot show that the need for anonymity in this case outweighs the public's interest in the proceedings."  The district court overruled Roe's objections, granted Skillz's motion to compel arbitration, dismissed the action without prejudice, and denied Skillz's motion to dismiss as moot.

We review a district court's decision not to seal judicial records and its denial of leave to proceed anonymously for an abuse of discretion.  *See Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 n.3 (9th Cir. 2006); *Does I Thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1069 (9th Cir. 2000).  We have jurisdiction under 28 U.S.C. § 1291.

Roe argues that the district court erred in denying her leave to proceed under a fictitious name.  "[W]e allow parties to use pseudonyms in the 'unusual case'

2

when nondisclosure of the party's identity 'is necessary . . . to protect a person from harassment, injury, ridicule or personal embarrassment.'" *Does I Thru XXIII*, 214 F.3d at 1067–68 (quoting *United States v. Doe*, 655 F.2d 920, 922 n.1 (9th Cir. 1980)).  Because there is a presumption that parties' identities are public information, anonymity is only proper under "special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Id.* at 1068.

Roe maintains that special circumstances warrant her need for anonymity because her claims relate to her compulsive gambling and the impact on her mental health, her suicidal ideations, and personal harms she suffered.  She generally states that disclosure could negatively affect her professional standing, as her employer is unaware of her struggles and her work requires interaction with the public who may "weaponize" it against her.

However, this court has made clear that use of a pseudonym should only be permitted occasionally and in "unusual" cases.  *United States v. Stoterau*, 524 F.3d 988, 1012 (9th Cir. 2008) ("As a general rule, the identity of the parties . . . should not be concealed except in an unusual case, where there is a need for the cloak of anonymity.") (internal citation and quotation marks omitted).  Here, the magistrate judge did not find Roe's case to be unusual, noting that "in today's environment, a

past gambling addiction with accompanying mental health problems is not so out of the norm as to constitute sensitive and highly personal in nature."

Roe has not presented medical evidence that supports the assertion that she will suffer substantial additional mental injury if her identity is disclosed. Instead, she states conclusory and general statements without explanation or support. Further, while there is no identifiable prejudice to Skillz should Roe remain anonymous, Roe failed to address and therefore show that the need for anonymity outweighs the public's interest in the proceedings. *See Does I Thru XXIII*, 214 F.3d at 1068.

Accordingly, the district court's denial of Roe's motion to proceed under a fictitious name is **AFFIRMED.** And in light of the district court's decision to compel arbitration and dismiss the case, the Federal Rule of Civil Procedure 7.1 disclosure statement shall remain under seal.